# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued May 11, 2020          Decided May 29, 2020

No. 19-7072

ALTAGRACIA SANCHEZ, ET AL.,
APPELLANTS

v.

OFFICE OF THE STATE SUPERINTENDENT OF EDUCATION, AND
DISTRICT OF COLUMBIA,
APPELLEES

---

Consolidated with 19-7085

---

Appeals from the United States District Court
for the District of Columbia
(No. 1:18-cv-00975)

---

*Renee D. Flaherty* argued the cause for appellants/cross-appellees. With her on the briefs was *Robert J. McNamara*.

*Graham E. Phillips*, Assistant Attorney General, Office of the Attorney General for the District of Columbia, argued the cause for appellees/cross-appellants. With him on the briefs were *Karl A. Racine*, Attorney General, *Loren L. Alikhan*, Solicitor General, and *Caroline S. Van Zile*, Principal Deputy Solicitor General.

Before: HENDERSON, GARLAND, and PILLARD, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GARLAND.

GARLAND, *Circuit Judge*:  The three plaintiffs in this case challenge the validity of District of Columbia regulations that impose minimum education requirements for certain childcare providers.  The district court did not reach the merits of the plaintiffs' complaint, holding instead that the case was non-justiciable on grounds of standing, ripeness, and mootness.  Concluding that the case is justiciable, we remand it to the district court for consideration of the merits of the plaintiffs' allegations.

I

In 2016, the District of Columbia Office of the State Superintendent of Education (OSSE) issued regulations that establish minimum education requirements for childcare staff at child development facilities.  63 D.C. Reg. 14,640 (Dec. 2, 2016).  Under the 2016 regulations, plaintiff Dale Sorcher, whom the regulations refer to as a "teacher in a child development center" and who already has advanced degrees in other fields, was required to earn twenty-four credit hours in an early childhood field by December 2020.  *See* D.C. Mun. Regs. tit. 5-A1, § 165.1(b) (2016). Plaintiff Altagracia Sanchez, whom the regulations deem an "expanded home caregiver," was required to obtain an associate's degree with a major in an early childhood field by December 2019.  *Id*. § 170.2(a)(1). Obtaining such a degree requires roughly sixty credit hours of coursework.  Am. Compl. ¶ 174.

Under the regulations, OSSE may grant "hardship waivers" of the education requirements to facilities facing "sufficiently

great" economic hardship.  D.C. Mun. Regs. tit. 5A-1, § 106.1. It may also grant "experience waivers" to individuals who had "continuously served" in certain childcare positions for ten or more years as of 2016. *See, e.g.*, *id.* § 165.4.  Under the original regulations, experience waivers were not available to expanded home caregivers like Sanchez.  Although they were available to teachers in a child development center, Sorcher had not worked continuously for ten years as of 2016 and thus was ineligible.  *See* Am. Compl. ¶  226.

Along with plaintiff Jill Homan, a mother with two children in daycare, Sorcher and Sanchez brought a facial challenge to OSSE's regulations.  The regulations, the plaintiffs alleged, violate the nondelegation doctrine, substantive due process, and equal protection.

After the plaintiffs filed suit in 2018, OSSE amended its regulations to extend the compliance deadlines to December 2023.  65 D.C. Reg. 7,032 (June 29, 2018).  The amended regulations also make expanded home caregivers like Sanchez eligible for experience waivers. *See* D.C. Mun. Regs. tit. 5-A1, § 170.2(c) (2018).  Thereafter Sanchez, who had the requisite years of experience prior to 2016, was granted an experience waiver.

Following these developments, the district court dismissed the plaintiffs' complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Sanchez v. Office of the State Superintendent of Educ.* (*Sanchez I*), 2019 WL 935330, at *9 (D.D.C. Feb. 26, 2019).  Subsequently, the court denied the plaintiffs' motion to amend their complaint or to alter the court's judgment, on the ground that any amendment would be futile. *Sanchez v. Office of the State Superintendent of Educ.* (*Sanchez II*), 2019 WL 2931285, at *6 & n.1 (D.D.C. July

8, 2019).[1]

The district court first held that Homan, who is not subject to the regulations, failed to show the "injury in fact" required for standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Sorcher and Sanchez, however, are subject to the regulations and both explained that, at the time they filed suit, they would need to take immediate steps to comply. On that basis, the district court held that Sorcher and Sanchez made the requisite showing of injury. *Sanchez I*, 2019 WL 935330, at *4-5. We agree that Sorcher and Sanchez have standing, and OSSE does not dispute the point.

But the court also held that Sorcher's claims are not ripe, and that Sanchez's claims are either moot or also unripe. *Id.* at *6-9; *Sanchez II*, 2019 WL 2931285, at *4-6. Those determinations are the subject of this opinion.

II

1. We begin with the contention that Sorcher's claims are not ripe. OSSE relies on caselaw holding that the ripeness inquiry "requires us to evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 440 F.3d 459, 464 (D.C. Cir. 2006) (quoting *Nat'l Park Hospitality Ass'n v. Dep't of Interior*,

---

[1]All citations in this opinion are to the proposed amended complaint. We conclude that both the original and amended complaints are sufficient to survive a Rule 12(b)(1) motion, and hence that the amendment was not futile. We therefore reverse the district court's rulings regarding the motion to amend the complaint or alter the judgment. *See He Depu v. Yahoo! Inc.*, 950 F.3d 897, 900 n.1 (D.C. Cir. 2020).

538 U.S. 803, 808 (2003)); *see Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 670 n.2 (2010). *But cf. Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014) (raising questions regarding "the continuing vitality of the prudential ripeness doctrine"). OSSE argues both that Sorcher's claims are not "fit" for review and that delay would impose little "hardship" on the plaintiffs. Those arguments are unconvincing.

OSSE maintains that Sorcher's due process and equal protection claims are not yet fit for review because their merits may depend on how generous OSSE is in granting hardship waivers. *But see Int'l Refugee Assistance Project v. Trump*, 883 F.3d 233, 262-63 (4th Cir.) (en banc) (holding that a facial challenge to the constitutionality of an executive order was ripe, regardless of the availability of discretionary, case-by-case waivers), *vacated on other grounds*, 138 S. Ct. 2710 (2018) (mem.). OSSE does not dispute that Sorcher's nondelegation doctrine challenge is currently ripe, but argues that it should not be heard until the other two challenges ripen. In our view, those challenges are currently ripe as well.

"A purely legal claim in the context of a facial challenge . . . is presumptively reviewable," *Nat'l Ass'n of Home Builders*, 440 F.3d at 464 (internal quotation marks omitted), and Sorcher's claims are purely legal. Her challenge is not to disparities in how hardship waivers are administered, but to the rationality of the education requirements -- both in-and-of themselves and as imposed upon different categories of caregivers. The hardship waiver provision is unrelated to those challenges. The waiver is granted only to childcare facilities, not to individual caregivers like Sorcher. *See* 62 D.C. Reg. 14,640, 14,648 (Dec. 2, 2016) (providing that "any waiver [under section 106] is . . . to the sole benefit of a facility"); D.C. Mun. Regs. tit. 5-A1, § 106.2 (providing that a "Child Development Facility . . . may apply for a waiver"). And it may

be granted only upon "clear and convincing evidence" that a facility meets hardship criteria unrelated to Sorcher's constitutional challenges. D.C. Mun. Regs. tit. 5-A1, § 106.1; *see id*. (providing that "OSSE may waive compliance . . . if OSSE determines . . . [that] [t]he demonstrated . . . economic impact or hardship on the Facility or staff member is sufficiently great to make immediate compliance impractical despite diligent efforts").

OSSE also maintains that Sorcher will suffer only minor hardship from the court withholding consideration because the extended compliance deadline gives her time to apply for and obtain a hardship waiver.[2] But as we have just set out, the regulations authorize hardship waivers only for facilities, not for individuals, and a grant depends on facts that may or may not exist at a particular time. The waiver must be renewed every three years, and so the hardship criteria must be satisfied not only at the time of the original grant, but also at the time of each renewal. D.C. Mun. Regs. tit. 5-A1, § 102.7. Moreover, Sorcher wants "the freedom to work anywhere in the child-care field for anyone," Am. Compl. ¶ 218, and thus any future employer would also have to obtain a waiver that would cover her. Finally, the grant of a waiver is both discretionary and revocable at any time. D.C. Mun. Regs. tit. 5-A1, § 106.5 (providing that "[a]ny waiver is issued at the discretion of OSSE and may be revoked by OSSE at any time . . . upon the determination of OSSE that continuance of the waiver is no

---

[2] *But see Teva Pharm. USA, Inc. v. Sebelius*, 595 F.3d 1303, 1310 (D.C. Cir. 2010) (noting that "[t]his court has frequently suggested that hardship is not a *sine qua non* of ripeness" and collecting cases); *Nat'l Ass'n of Home Builders*, 440 F.3d at 465 (noting that, where "there are no significant agency or judicial interests militating in favor of delay, lack of hardship cannot tip the balance against judicial review" (internal quotation marks and alterations omitted)).

longer in the best interest of children it its care").

In short, OSSE expects Sorcher to rest comfortably on the availability of a discretionary, time-limited and revocable waiver, based on criteria that her employing facility may or may not meet at any given time, and which in any event depends on the willingness of a facility to repeatedly reapply. That is cold comfort indeed. We therefore find quite plausible Sorcher's contention that, in the absence of a decision in her favor, she will have to begin expending time and money now in order to obtain the credentials the regulations prescribe. Am. Compl. ¶ 219. She cannot simply count on the continuing availability of a waiver to continue in her career. Indeed, Sorcher's complaint alleges that she is already spending hours identifying college programs that meet her scheduling needs and financial resources. *Id.* ¶ 220. Much as OSSE may attempt to downplay its impact, that is a cognizable hardship for ripeness purposes.

2. We next address the district court's holding that, because Sanchez has obtained an experience waiver, her claims are now moot. "[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307-08 (2012)) (citations omitted). There is no dispute that the regulations' education requirements continue to apply to Sanchez. *See Sanchez I*, 2019 WL 935330, at *7. Although she has obtained an experience waiver, OSSE acknowledges that the waiver is not permanent. Recording of Oral Arg. at 16:03. She must reapply for it every three years, D.C. Mun. Regs. tit. 5-A1, § 102.7, and OSSE may revoke it at any time, *id.* § 106.5. Sanchez therefore retains a "concrete interest . . . in the outcome

of the litigation," and holding the regulations invalid would provide her the relief she seeks. *Chafin*, 568 U.S. at 172 (quoting *Knox*, 567 U.S. at 307-08).

The district court also suggested that, even if Sanchez's claims are not moot, they are unripe. Again, we disagree.

As was true of Sorcher's claims, Sanchez's claims are purely legal and hence presumptively reviewable. *See Nat'l Ass'n of Home Builders*, 440 F.3d at 464. Sanchez alleges that the regulations' education requirements are irrational. The fact that OSSE may -- in its discretion -- waive those requirements from time to time (either for experience or for hardship) will not affect resolution of those allegations.

And because Sanchez's waiver may be revoked or its renewal declined, she -- like Sorcher -- must take steps to obtain the required credentials now or risk the loss of her career. Indeed, Sanchez faces an even greater quandary than Sorcher, because the associate's degree she needs requires sixty credit-hours of coursework, which she estimates would take her five years to complete. Am. Compl. ¶ 174. And, again like Sorcher, Sanchez alleges that she has already spent and continues to spend hours searching for college programs that meet her scheduling needs and financial resources -- not to mention the hours she spent applying for her current experience waiver. *Id*. ¶¶ 256, 258. In any event, because Sanchez's claims are largely indistinguishable from Sorcher's, and because the latter are ripe, it better serves "judicial economy" to consider both plaintiffs' claims together. *Am. Petrol. Inst. v. EPA*, 683 F.3d 382, 387 (D.C. Cir. 2012) (internal quotation marks omitted).

3. Finally, we need not and do not reach the question of Homan's standing because her claims are the same as those of the other two plaintiffs, and there is no dispute that Sanchez and

Sorcher have standing.  *See Ams. for Safe Access v. Drug Enf't Admin.*, 706 F.3d 438, 443 (D.C. Cir. 2013).  We also decline the parties' invitation to adjudicate the merits of the plaintiffs' claims, which the district court did not address.  Instead, we remand the case to permit the district court to address those claims in the first instance.

## III

For the foregoing reasons, the judgment of the district court is reversed, and the case is remanded for further proceedings.

*So ordered.*